

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2003

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Wang v. Atty Gen USA" (2003). *2003 Decisions.* Paper 29.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/29

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-3823

———————

CHUN LING WANG,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent

———————

Petition for Review of an Order
of the Board of Immigration Appeals
(A76-240-633)

———————

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2003

Before: SLOVITER, ALITO and FRIEDMAN,∗ Circuit Judges

(Filed: December 23, 2003 )

———————

OPINION OF THE COURT

———————

∗      Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal
Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Petitioner Chun Ling Wang petitions for review of an order of the Board of Immigration Appeals ("BIA") for his removal. Wang raises two issues: 1) whether the BIA's affirmance without opinion of the Immigration Judge's ("IJ's") decision satisfied the condition set out in 8 C.F.R. § 3.1(a)(7)(ii); and 2) whether failure of the BIA to satisfy these conditions constitutes a violation of his due process rights.

It is not clear whether Wang is challenging the procedure adopted by the BIA incorporated in its streamlining regulations. If that is his challenge, this Court has recently sustained the validity of the streamlining regulations in our en banc opinion in Dia v. Ashcroft, No. 02-2460. If, instead, Wang is arguing that this was an inappropriate case for the BIA to apply the streamlining procedure, that is not subject to judicial review. The BIA's decision to apply the streamlining regulations to a particular case is a matter committed to its discretion and is unreviewable. On the other hand, if Wang is challenging the IJ's decision to enter a final order of removal on the ground that it is not supported by substantial evidence, we do have jurisdiction to review that issue.

The Immigration and Nationality Act (INA) provides for withholding of removal in certain circumstances. 8 U.S.C. § 1231(b)(3). However, the Supreme Court has stated that the alien must demonstrate a "clear probability" of persecution in order to be eligible for such relief. See INS v. Cardoza-Fonseca, 480 U.S. 421, 445-49 (1987). Wang's brief does not refer to any evidence that would support his allegations of fear of persecution.

2

That alone should be sufficient to warrant denial of his petition for review.

We consider Wang's second issue, claiming that the transcript of his hearing is so replete with clerical errors and omissions that it constitutes a violation of due process. While there do seem to be some clerical errors, particularly unnecessary and unexplained duplication, we do not believe that they reach the extreme of constituting a due process violation. Wang has not pointed to any material omissions, which would present a more serious problem. However, the nature of the omissions can be deduced from other references in the hearing transcript. Assuming <u>arguendo</u> that there were some omissions, possibly because they were asides and not spoken on the record, the alleged omissions to which Wang refers do not provide the basis for his alleged fear of persecution. We agree with the Government that any errors made were harmless or nonmaterial. Moreover, as the Government's brief points out, Wang failed to point out these errors in the transcription by appealing to the Board which would have been in the position to direct some remedial action. Inasmuch as Wang failed to exhaust his administrative remedies, he cannot now argue that he is entitled to a remand based on the allegedly incomplete transcript.

We see nothing fundamentally unfair in the proceeding before the IJ. We see no reason to hold that the BIA abused its discretion in applying these streamlining regulations in this particular case.

Accordingly, we will deny Wang's petition for review.

TO THE CLERK:

Please file the foregoing opinion.

/s/   Dolores K. Sloviter
Circuit Judge